**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN A. KEGOLIS, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 3:CV-03-0602 |
| v. | : |
| | : (JUDGE CAPUTO) |
| BOROUGH OF SHENANDOAH, PENNSYLVANIA, ET AL. | : |
| Defendants. | : |

**MEMORANDUM**

On April 8, 2003, Plaintiff brought this action against the Borough of Shenandoah, Inservco Insurance Services, Inc. ("Inservco"), Scott Swinchock, Hoover Rehabilitation Services, Inc. ("Hoover"), Joseph Palubinsky, the Borough Manager of Shenandoah, John P. Thomas, the Mayor of Shenandoah, the Borough Council of Shenandoah, Joseph B. Lawson, the President of Borough Council of Shenandoah, and the other members of the Borough Council of Shenandoah alleging that they, acting in concert, deprived Plaintiff of his property rights to his pension in violation of the Fourteenth Amendment to the Constitution, the Heart Lung Act and the Borough Code of Pennsylvania. (Doc.1.) The former is brought under 42 U.S.C. § 1983 and the latter under those applicable Pennsylvania laws.

I have dismissed the claims against Inservco (Doc. 31) and Hoover (Doc. 32). I denied Defendants Borough of Shenandoah, Joseph Palubinsky, John P. Thomas, Joseph B. Lawson and Shenandoah Borough Council's ("Shenandoah Defendants") motion to dismiss. (Doc. 33.) On July 1, 2005, Shenandoah Defendants filed a motion for summary judgment. (Doc. 40-1.) Plaintiff has failed to file a brief in opposition. Consequently, on

March 13, 2006, Shenandoah Defendants moved for a dismissal under Federal Rules of Civil Procedure 41(b) and Middle District of Pennsylvania Local Rule 7.6. (Doc. 47-1.)

Shenandoah Defendants are asking the Court to dismiss Plaintiff's complaint for his failure to reply to their motion for summary judgment.  In his reply, Plaintiff states that he was unaware of the motion for summary judgment until Shenandoah Defendants filed the instant motion to dismiss.  (Doc. 53 at ¶ 8.)  On March 13, 2006, Plaintiff contacted Shenandoah Defendant's attorney asking for an extension of time to respond to the summary judgment motion. (*Id.* at ¶ 10.)  This request was denied. (*Id.*)  Plaintiff also tried to acquire counsel on March 24, 2006 but was unsuccessful.  (Doc.52-1 at 4-5.)  Plaintiff filed his reply to the motion to dismiss, *pro se.*

Dismissal by the Court is appropriate in certain instances.  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  FED. R. CIV. P. 41(b).  Also, according to Middle District of Pennsylvania Local Rule 7.6, "Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . .  Any respondent who fails to comply with this rule shall be deemed not to oppose such a motion."  Shenandoah Defendants are asking the Court to dismiss Plaintiff's complaint with prejudice because of Plaintiff's failure to file a responsive brief to their motion for summary judgment.  Sanction of dismissal is considered to be very serious and generally not granted "absent the most egregious circumstances." *Roman v. City of Reading,* No. 04-2076, 2005 U.S. App. LEXIS 2358, at *9 (3d Cir. Feb. 11, 2005) (citations omitted).

Generally, in order to determine whether such a severe sanction should be granted, a district court has to weigh six factors outlined in *Poulis v. State Farm Fire and Cas. Co.,*:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* and in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) *meritoriousness* of the claim or defense.

*Roman,* 2005 U.S. App. LEXIS 2358, at *9  (quoting *Poulis,* 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original)).  The Court of Appeals for the Third Circuit has used the same factors for Rule 41(b) dismissal claims.  *Wade v. Wooten,* No.90-2373, 1993 U.S. Dist. LEXIS 10680, at *7 (E.D. Pa. July 30, 1993) (citing *Dunbar v. Triangle Lumber & Supply Co.,* 816 F.2d 126 (3d Cir. 1987)).  The Court need not find every factor satisfied when determining to grant dismissal. *Roman,* 2005 U.S. App. LEXIS 2358, at *9 (citation omitted).  "When a district court has doubt, the decision whether to dismiss should be resolved in favor of reaching a decision on the merits and alternative sanctions should be used."  *Id.* (citation omitted).

In the summary judgment context, however, the *Poulis* factors need not be considered.  In *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review and Tax Assessor,* the Court of Appeals for the Third Circuit stated that:

> When a party having the burden of proof files a motion for summary judgment to which there is no response, and the court determines that the moving party is entitled to judgment as a matter fo law based on the facts presented in the motion, we believe that neither a hearing nor

3

> consideration of the *Poulis* factors are required before judgment is entered.

922 F.2d 168, 176 (3d Cir. 1990). In light of the fact that pro se complaints must be construed liberally, however, "courts have been hesitant to grant a motion for summary judgment against a pro se plaintiff solely on technical grounds and have required that litigants be appraised of their obligations under Rule 56 before a motion for summary judgment is granted." *Wade,* 1993 U.S. Dist. LEXIS 10680, at *16. In support of this contention, the district court in *Wade* cited to case law standing for the general understanding that pro se plaintiffs should be given extra time to respond and be warned of the consequences of not doing so. In granting the movant's motion for summary judgment, the district court in *Wade* reasoned that "when a pro se plaintiff has been provided adequate information regarding what is expected of him and has ample opportunity to present opposing affidavits, but nevertheless continually disregards his obligation as a litigant, it is not beyond a court's discretion to dismiss the plaintiff's claim. *Id.* at *17-18.

      In this case, pro se Plaintiff has not been afforded any latitude in responding to the Shenandoah Defendants' motion for summary judgment. Once Plaintiff became aware of the instant motion, he responded in good faith. Therefore, the Court will allow Plaintiff twenty (20) days to respond to Shenandoah Defendants' motion for summary judgment. If Plaintiff fails to respond within the twenty (20) days, Shenandoah Defendants' motion for summary judgment will be considered to be uncontested and the Court will determine whether Shenandoah Defendants are entitled to summary judgment as a matter of law based on the facts set forth in the motion. Therefore, Shenandoah Defendants' motion to

4

dismiss (Doc. 47-1) will be denied.

    An appropriate Order follows.


Date: August 15, 2006                                /s/ A. Richard Caputo
                                                                 A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN A. KEGOLIS, | : |
| Plaintiff, | : |
| | :    CIVIL ACTION NO. 3:CV-03-0602 |
| v. | : |
| | :    (JUDGE CAPUTO) |
| BOROUGH OF SHENANDOAH, PENNSYLVANIA, ET AL. | : |
| Defendants. | : |

## **ORDER**

**NOW**, this 15th day of August, 2006, **IT IS HEREBY ORDERED** that:

(1) Defendants Borough of Shenandoah, Joseph Palubinsky, John P. Thomas, Joseph B. Lawson, and Shenandoah Borough Council's motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b) (Doc.47-1) is **DENIED**; and

(2) Plaintiff has twenty (20) days to file his brief in opposition to Defendants' motion for summary judgment (Doc 40).

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge